UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20835-BLOOM/Otazo-Reyes

RONALD SATISH EMRIT,

    Plaintiff,

v.

SAINT THOMAS UNIVERSITY SCHOOL
OF LAW,

    Defendant.
_____/

**ORDER DENYING LEAVE TO
PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Ronald Satish Emrit's ("Plaintiff") Motion to Proceed in Forma Pauperis, ECF No. [7] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied and this case is dismissed.

**I.   FACTUAL BACKGROUND**

On February 25, 2022, Plaintiff initiated the instant action against Defendant Saint Thomas University School of Law, Florida Bar of Examiners, the Florida Bar, the U.S. Department of Education, the American Bar Association, and the National Conference of Bar Examiners ("Defendants"), in the United States District Court for the Northern District of Florida. ECF No. [1] ("Complaint"); *see also* ECF No. [3] ("Motion for IFP"). On March 8, 2022, Magistrate Judge Gary R. Jones issued an Order pursuant to 28 U.S.C. § 1915(e), ECF No. [5], denying the Motion for IFP without prejudice and dismissing the Complaint with leave to amend.

Case No. 22-cv-20835-BLOOM/Otazo-Reyes

On March 17, 2022, Plaintiff filed a Civil Rights Complaint Form for Pro Se (Non-Prisoner) Litigants in Actions Under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983, ECF No. [6] ("Amended Complaint"), against only Defendant Saint Thomas University School of Law ("Defendant"). Thereafter, on March 21, 2022, the instant action was transferred to the Southern District of Florida, pursuant to 28 U.S.C. § 1406(a), and assigned to this Court. *See* ECF Nos. [9] and [10].

According to the Amended Complaint, Plaintiff was racially profiled as a "Muslim, Arab, or Middle Easterner around 2001" despite being a "Catholic, African-American from Washington D.C. area." ECF No. [6] at 4. Specifically, Plaintiff's law school professor "looked at [Plaintiff's] direction and made an inappropriate comment about someone being 'friends with Osama' without any reasonable suspicion or probable cause[.]" *Id.* at 4-5. Additionally, an administrator at Defendant's law school "walked by [Plaintiff] on campus and asked . . . if he was 'down with Bin Laden' without any reasonable suspicion or probable cause[.]" *Id.* at 5. Plaintiff also alleges that several judges "already know" that he was racially profiled as a member of ISIS by a United States Postal inspector. *Id.* Plaintiff further maintains that "[t]he statute of limitations should be 'equitably tolled' beyond the three-year statute of limitations" because: (1) he "should not have to apologize for being a 'light-skinned black man racially profiled as other ethnicities such as Arabic or Hispanic" and (2) of the "egregious nature of Civil Rights violations in today's world of 'Black Lives Matter' and similar social justice issues." *Id.* at 6.

Based on the foregoing, Plaintiff alleges "a violation of Title VII of [the] Civil Rights Act of 1964, perhaps 42 U.S.C. § 1983, Equal Protection Clause and Due Process Clause of [the] [Fifth] and [Fourteenth] Amendments" against Defendant. *Id.* at 6. Plaintiff also seeks "reimbursement in the approximate amount of $300,000 based [upon] [a] theory of unjust

enrichment, frustration of purpose, impossibility of performance, or accord and satisfaction" because he "is now disabled [with] bipolar disorder and could not pass a character and fitness determination [with] [the] Florida Board of Bar Examiners." *Id.*

## II.   LEGAL STANDARD

Plaintiff has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis*, the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under

3

§ 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

**III.   DISCUSSION**

Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Amended Complaint does not set forth any cognizable claims against Defendant. In order to state a claim under section 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under

4

color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001). Additionally, it is well-settled that "[o]nly in rare circumstances can a private party be viewed as a state actor for section 1983 purposes." *Rayburn*, 241 F.3d at 1347 (internal quotations and alternations omitted). To hold that private parties are state actors, the Court must conclude that one of the following three conditions is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." *Id.* (internal quotations and alternations omitted).

Here, the Amended Complaint is devoid of any allegations demonstrating that Defendant, a private party, should be viewed as a state actor for section 1983 purposes. *See generally* ECF No. [1]. Notably, Judge Jones highlighted this pleading deficiency in the Order, which Plaintiff has failed to cure. *See* ECF No. [5] at 5. Therefore, Plaintiff's claims against Defendant for violations of "Title VII of [the] Civil Rights Act of 1964, perhaps 42 U.S.C. § 1983, Equal Protection Clause and Due Process Clause of [the] [Fifth] and [Fourteenth] Amendments[,]" ECF No. [6] at 6, fail as a matter of law.

Moreover, to the extent Plaintiff's claims are premised upon events that occurred in 2001, those claims would be barred by the applicable statute of limitations. *See City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Plaintiff alleges that the statute of limitations on his claims should be equitably tolled for two reasons: (1) "he should not have to apologize for being a light-skinned black man racially profiled as other

5

ethnicities such as Arabic or Hispanic" and (2) in light of "the egregious nature of Civil Rights violations in today's world of 'Black Lives Matter' and similar social justice issues." *Id.* at 5-6. The Court is not persuaded.

Specifically, "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999). This doctrine applies to those situations where a "plaintiff has been lulled into inaction or has in some extraordinary way been prevented from asserting his or her rights." *Sabeta v. Baptist Hosp. of Miami, Inc.*, 410 F. Supp. 2d 1224, 1239 (S.D. Fla. 2005). Here, there is no indication that Defendant lulled Plaintiff into inaction or otherwise prevented him from filing his lawsuit. Plaintiff's failure to act with due diligence is not grounds to invoke the extraordinary remedy of equitable tolling.

The Court must highlight that Plaintiff is no stranger to federal court. A search on the PACER electronic database reveals that Plaintiff has filed over 250 lawsuits in federal district courts across the nation, and has been classified as a vexatious litigant in several jurisdictions. *See e.g.*, *Emrit v. Universal Music Grp.*, No. 8:19-CV-2562-T-33SPF, 2020 WL 4751446, at *1 (M.D. Fla. Aug. 17, 2020), *aff'd*, 833 F. App'x 333 (11th Cir. 2021) ("Emrit's vexatious litigant status is well-deserved."); *Emrit v. Universal Music Grp.*, No. 3:19-CV-05984-BHS, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019), *report and recommendation adopted*, No. C19-5984 BHS, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019) ("Plaintiff has a history of abusing the IFP privilege and Plaintiff has been acknowledged as a vexatious litigator in at least six district courts. . . . The Ninth Circuit has also entered a pre-filing review order against Plaintiff. . . . Further, a search of the Pacer electronic case database for cases filed under the name Ronald Satish Emrit shows Plaintiff has filed approximately 375 cases or appeals in the federal court system." (citations

omitted)); *Emrit v. S. by Sw. Conf.*, No. A-14-CV-936-LY, 2014 WL 5524219, at *4 (W.D. Tex. Oct. 31, 2014), *report and recommendation adopted*, No. 1:14-CV-936-LY, 2014 WL 12661627 (W.D. Tex. Nov. 25, 2014) (highlighting Plaintiff's history of filing frivolous claims and cautioning him that sanctions may be warranted in the future).

Upon review, Plaintiff's claims are clearly baseless and must be dismissed. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios, claims with which federal judges are all too familiar"); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("[28 U.S.C. § 1915] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."); *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (holding that complaint may be dismissed before service of process where its legal theories are indisputably meritless).

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Complaint, **ECF No. [6]**, is **DISMISSED WITH PREJUDICE**.
2. Plaintiff's Motion, **ECF No. [7]**, is **DENIED**.
3. The Clerk shall **CLOSE** the case.
4. To the extent not otherwise disposed of, any pending motions are **DENIED** as moot and all pending deadlines are **TERMINATED**.

Case No. 22-cv-20835-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, March 22, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Ronald Satish Emrit
6655 38th Lane East
Sarasota, FL 34243